IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Jimmie Dean Moore, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT** |
| Petitioner, | ) | **SENTENCE** |
| | ) | |
| vs. | ) | Case No. 3:23-cv-159 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cr-204 |
| | ) | |
| Jimmie Dean Moore, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Jimmie Dean Moore moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 32. The United States opposes the motion. Doc. 36. The motion is denied.

## I.     BACKGROUND

On October 28, 2021, Moore was charged with abusive sexual contact by way of information. Doc. 1. Moore entered into a plea agreement to plead guilty to abusive sexual contact. Doc. 3. A combined change of plea and sentencing hearing was held on February 24, 2022. At the hearing, Moore waived his right to be indicted (Doc. 15), and the Court accepted his guilty plea (Doc. 26 at 23). The presentence investigation report ("PSIR") calculated Moore's total offense level to be 34, and his criminal history a category V. Doc. 10 at 6, 9. The PSIR also found Moore qualified as a repeat and dangerous sex offender against minors. Id. at 13. His sentencing guideline range was 235 to 293 months. Doc. 26 at 26.

After arguments by the parties, statements from impacted victims, and Moore's allocution, he was sentenced to 293 months' incarceration, followed by lifetime supervised release. Doc. 17. Moore appealed. Doc. 20. The Eighth Circuit Court of Appeals dismissed his appeal on August 23, 2022. Doc. 27. Moore then filed this § 2255 motion on August 31, 2023, alleging ineffective assistance of counsel and procedural error. Doc. 32.

## II.     LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

### III. <u>DISCUSSION</u>

#### A. **Ineffective Assistance**

Moore's first claim is ineffective assistance of counsel. He alleges:

> (1) In crafting the plea deal, counsel made fatal errors like leaving client vulnerable to enhancements. (2) Counsel was not truthful in the contents and vulnerability of the plea deal. (3) Counsel should have adviced [sic] client to withdraw the plea and prepare a defense based the Reddest and Plenty Arrows 8th Circuit cases. (4) Counsel did not realistically explain the implication of the sentencing guidelines of 235-293 months as opposed to the 48 months he was expecting with consideration of 18 U.S.C. § 3553. (5) Counsel was denied her motion to withdraw on appeal. The court then placing her in a conflict of interest, making the direct appeal futile.

Doc. 32 at 4. But these allegations are either conclusory, contradicted by the record, or inherently incredible. Moore also fails to illustrate prejudice.

To begin, Moore's accusation that counsel left him vulnerable to enhancements is conclusory. Conclusory allegations are claims that lack factual specificity. See <u>Allen v. Entergy Corp.</u>, 181 F.3d 902, 905-06 (8th Cir. 1999); <u>see also</u> <u>Berg v. Norand Corp.</u>, 169 F.3d 1140, 1146 (8th Cir. 1999). Moore does not specify what errors he believes counsel made or what counsel should have done differently to avoid the enhancements he received. Similarly, Moore suggests counsel was untruthful with him about the content of the plea agreement but does not elaborate as to how counsel was untruthful or how he was prejudiced. The same is true for his allegation about his appeal.

Moore also claims he was expecting a sentence of 48 months, but the record contradicts his claim. Indeed, his counsel repeatedly referred to his hope for a 15-year sentence. Doc. 11 at 6; Doc. 26 at 37, 38, 39. At no point did Moore suggest he was unsatisfied with this request. The Court also informed Moore that he could receive a life sentence. Doc. 26 at 14. Even if he was expecting a shorter sentence, he was not prejudiced by receiving a guideline sentence.

4

As to Moore's claim that counsel should have advised him to withdraw his guilty plea and prepare a defense based on Reddest and Plenty Arrows, this also falls short of ineffective assistance. Reddest involved the crime of aggravated sexual abuse which required proof of penetration. See United States v. Reddest, 512 F.3d 1067, 1071 (8th Cir. 2008). The conduct alleged in Reddest was insufficient to prove penetration of the genital opening, and the conviction was reversed. Id. at 1072. Plenty Arrows is another case dealing with aggravated sexual abuse. See United States v. Plenty Arrows, 946 F.2d 62, 63 (8th Cir. 1991). Similar to Reddest, the conduct alleged in Plenty Arrows was insufficient to support a conviction because the evidence did not show contact involving penetration. Id. at 65.

Abusive sexual contact is a lesser-included offense of aggravated sexual abuse. United States v. No Neck, 472 F.3d 1048, 1054 (8th Cir. 2007). Reddest and Plenty Arrows are both distinguishable because their convictions for aggravated sexual abuse required penetration of the victim, and no penetration was required for Moore's conviction of abusive sexual contact. Counsel cannot be ineffective for not structuring a defense around cases that are distinguishable from Moore's conviction for abusive sexual contact. As a result, his ineffective assistance claim fails.

**B.     Process and Sufficiency Issues**

In his second claim, Moore argues he did not receive due process for a number of reasons. He alleges:

> (1) Presentment of charge of § 2244 – Abusive Sexual Contact . . . regarding Moore to a Grand Jury would not have resulted in an indictment. (2) Not all statutorial [sic] elements of the charge exist, nor were they verified. (3) Accuser never stated she was sexually abused or sexual contact was made, nor was there any physical evidence to substantiate the charge. (4) KG never stated she was touched, its [sic] only theory of the prosecution that Moore touched her in one of the spots indicated in § 2246(3). Furthermore, the accuser needs to anatomically specific [sic] according to U.S. Reddest (8th Cir) No. 06-4034. (5) There is not enough to [sustain] the conviction.

Doc. 32 at 5.

Moore knowingly and intelligently waived his right to indictment (Doc. 15), and the Court confirmed that on the record. Doc. 26 at 10-12. If Moore genuinely believed he would not have been indicted by a grand jury, it makes little sense for him to have waived the right to indictment. Further, Moore did not object to the substance of the factual basis during his change of plea. Doc. 26 at 14-15. Not only was there enough factual information for Moore to be indicted, but he also agreed on the record that there were sufficient facts to prove his guilt. Doc. 26 at 23. Any suggestion he would not have been indicted is contradicted by the record.

The remaining allegations in this claim concern the sufficiency of the evidence. Moore waived any challenge to the sufficiency of the evidence supporting his conviction when he pleaded guilty. See United States v. Alvarado-Sanchez, 383 F. App'x 576, 577 (8th Cir. 2010). Nevertheless, the Court will briefly review his claim. First, Moore rehashes his argument that Reddest and Plenty Arrows require more anatomical information about how he touched the victim was necessary to sustain his conviction. But again, Moore's reliance on these cases is misplaced because of the distinctions between a conviction of aggravated sexual abuse and a conviction of abusive sexual contact. The factual basis admitted to by Moore states that he intentionally touched the genitals of a child under the age of 12 with the intent to satisfy his sexual desire. Doc. 3 at 2. That is sufficient to convict Moore of abusive sexual contact, and this claim also fails.

### C. Voluntariness of the Plea

Moore goes on to argue he was "duped" into accepting his plea agreement. He alleges:

> (1) Moore is a victim of 'Enhancement Entrapment'. Had he known he was going to receive a '20 or '24 year sentence he would have dropped the plea deal, withdrawn his guilty plea and gone to trial. (2) Moore answered his summons, (he was never indicted), plead guilty and received 293 months which was the maximum range in the guidelines. The court indeed accepted the 48 months the counsel requested but it was deducted off the end of the 293 months, making his sentence 245 month (20 years + 5 months). (3) Therefore, Moore was simply duped and did not benefit from the plea deal. It only made it easy for the [prosecutors].

Doc. 32 at 7.

Moore's statements at the change of plea portion of his combined hearing contradict his argument. It is well-established that a defendant's statements at a plea hearing carry a strong presumption of truthfulness. United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008); United States v. Ledezma–Rodriquez, 423 F.3d 830, 836 (8th Cir. 2005). "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017).

During the change of plea, Moore was placed under oath. Doc. No. 26 at 4. He then represented that the plea agreement he signed reflected his full understanding of the agreement (id. at 19) and that no promises (such as a certain sentence) had been made in exchange for his guilty plea. Id. Moore also indicated that he was aware that he could receive a sentence of life in prison. Id. at 14. Along these lines, he also indicated he was aware of the possibility of upward adjustments in his sentence. Id. at 16-17.

While Moore now claims his counsel led him to believe he would receive a sentence of no more than 48 months, the record decisively refutes his claim. Moore was fully aware that he was facing a potential life sentence and represented to the Court that he had not been promised anything in return for his guilty plea. The statements made under oath at the change of plea hearing carry far more weight than Moore's current suggestion that he was led to believe he would receive a sentence of no more than 48 months. Put simply, the record directly refutes his claim, and Moore is not entitled to relief on this issue.

While not specifically argued by Moore, his challenge to the voluntariness of his pleas can also be construed as another claim for ineffective assistance of counsel. However, even if Moore's counsel advised him deficiently regarding his potential sentence, this error was rectified by the Court's accurate communication of the potential life sentence, and Moore suffered no prejudice.

See, e.g., Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) ( "[r]egardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to [the petitioner] at the plea proceeding."). Any claim for ineffective assistance of counsel related to advice regarding Moore's potential sentence fails for lack of prejudice, and the claim fails.

### D.     Evidentiary Hearing

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Moore's substantive § 2255 claims, the record decisively refutes each claim presented. So, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

### IV.    CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Moore's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 32) and his is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise

deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Moore desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

    **IT IS SO ORDERED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 6th day of March, 2024.

                                             */s/ Peter D. Welte*
                                             Peter D. Welte, Chief Judge
                                             United States District Court